Article III, § 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* (citations omitted).

Tobias has served the sentence that was imposed pursuant to the district court's finding of contempt. Accordingly, there is no case or controversy for this court to address. The appeal and Tobias's various motions are rendered moot. *See Spencer*, 523 U.S. at 7, 118 S.Ct. 978. Accordingly, the appeal is DISMISSED. Tobias's motion to proceed as a sanctioned litigant is DENIED. All other outstanding motions are DENIED.

Juan Mario SIFUENTES–
GARCIA, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney
General, Respondent.

No. 05–60680

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 27, 2006.

Chad Van Cleave, Law Offices of Bill Malone Jr., Austin, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Norah Ascoli Schwarz, U.S. Department of Justice Office of Immigration Litigation, Ann Carroll Varnon, John Clifford Cunningham, U.S. Department of Justice, Civil Division Immigration Litigation, Washington, DC, Kenneth Pasquerell, U.S. Immigration & Naturalization Service, San Antonio, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Juan Mario Sifuentes–Garcia (Sifuentes) appeals the affirmance by the Board of

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Appeals (BIA) of the Immigration Judge's (IJ) denial of a motion for continuance of the removal proceeding. Sifuentes contends that he should have been granted the continuance so that he could challenge the 2003 alien-smuggling conviction that rendered him removable.

This court reviews the denial of a continuance for abuse of discretion. *Witter v. INS,* 113 F.3d 549, 555–56 (5th Cir.1997). An IJ may grant a continuance upon a showing of good cause. *Id.*

Sifuentes cites to two BIA decisions having nothing to do with the granting of a continuance, and he makes no argument directly relevant to the "good cause" that must be shown in order to obtain a continuance.

Sifuentes fails to show that the denial of a continuance was an abuse of discretion. His petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.